Philippe v. Curran et al., 191 Ill. App. 433.

CHARLES LEROY BROWN, for appellant; LEONARD A. BUSBY and JAMES G. CONDON, of counsel.

THOMAS E. ROONEY and FERDINAND GOSS, for appellee.

MR. JUSTICE PAM delivered the opinion of the court.

## Abstract of the Decision.

1. DAMAGES, § 15*—*when condition proximate result of accident.* In an action for personal injuries sustained in a collision between cars, on one of which plaintiff was a passenger, which injuries were alleged to have resulted in a retroflexion of the uterus, the evidence was *held* sufficient to present a question for the jury as to whether the accident was the proximate cause of the condition found, as against defendant's claim that such condition was the result of natural causes.

2. APPEAL AND ERROR, § 1241*—*when party cannot complain of refusal of instruction.* A party presenting several instructions embodying the same proposition in varying language cannot complain because the court refused one which he considered most important where the others were given.

3. APPEAL AND ERROR, § 1514*—*when statements of counsel not prejudicial.* Statements in the closing argument of counsel for the plaintiff *held* not prejudicial in view of the character of a question interjected by counsel for the defendant, and the nature of the closing argument made by the latter, the amount of the verdict clearly showing that the jury were not swayed by sympathy, passion nor prejudice.

---

## Jennie Philippe, Appellee, v. John J. Curran and Isabella Curran, Appellants.

### Gen. No. 19,871.    (Not to be reported in full.)

Appeal from the Municipal Court of Chicago; the Hon. RUFUS F. ROBINSON, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1913. Reversed and remanded. Opinion filed February 4, 1915.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Vol. CLXXXXI 28

## Statement of the Case.

Action by Jennie Philippe against John J. Curran and Isabella Curran upon bond. From a judgment for $5,669.28 against defendants in favor of plaintiff, defendants appeal.

John J. Curran purchased a piece of real estate assumed a mortgage for $4,000 and executed a mortgage for the purchase price of $30,000, no cash passing. He and the other defendant entered into a penal bond to erect a building on the property within a year to cost not less than $10,000. The building was not erected. Plaintiff purchased the property at a foreclosure sale and a deficiency decree was entered for $5,435.49. Plaintiff then brought action to recover damages for the failure to erect on the premises foreclosed, an improvement at a cost of not less than $10,000, as provided for in the bond.

WILLIAM A. ROGAN, for appellants.

BITHER, GOFF & FRANCIS, for appellee.

MR. JUSTICE PAM delivered the opinion of the court.

## Abstract of the Decision.

1. MUNICIPAL COURT OF CHICAGO, § 13*—*sufficiency of affidavit of merits to raise general issue.* An affidavit of merits that defendant is not liable to the plaintiff on the bond described in plaintiff's statement of claim in any sum or amount is, in effect, a plea of the general issue presenting the issues of the case in the Municipal Court, as it by *necessary* implication denies the statement of facts making up the issue presented by the plaintiff's statement of claim.

2. MUNICIPAL COURT OF CHICAGO, § 13*—*effect of allegations of law and conclusions.* An allegation in a statement of claim in the Municipal Court that the amount of plaintiff's damages, under a bond, is fixed by a deficiency decree rendered in certain foreclosure proceedings, to foreclose a trust deed to secure the payment of a note given in part payment of the purchase price of the property

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative. Quarterly, same topic and section number.

mentioned in the bond sued upon, is a conclusion and a statement of the law of the case.

3. MUNICIPAL COURT OF CHICAGO, § 13*—*allegations not requiring denial.* A statement that a deficiency decree was entered in a foreclosure proceeding for a certain sum, which is the amount of the damages sustained by the plaintiff by reason of the defendant's not erecting a building in accordance with a contract and the conditions of a bond, does not constitute a statement of fact, such as to require denial in an affidavit of merits under the procedure in the Municipal Court.

4. MUNICIPAL COURT OF CHICAGO, § 13*—*matters of conjecture.* Where the statement of claim as filed in the Municipal Court alleged that if a certain building had been erected the property would have been of sufficient value to have satisfied a certain note and costs and expenses, it is merely indulging in conjecture and does not set forth a fact requiring denial in an affidavit of merits.

5. DEBT, ACTION OF, § 21*—*improper evidence of damages.* In an action on a bond conditioned to erect a building on real estate to a certain value, the admission of the deficiency decree to establish the amount due is *held* erroneous, as not constituting the measure of damages.